UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DARRELL SMALL                          CIVIL ACTION 1:17-CV-01497

VERSUS                                 JUDGE FOOTE

UNITED STATES OF AMERICA               MAGISTRATE JUDGE PEREZ-MONTES

MEMORANDUM ORDER

Plaintiff Darrell Small ("Small") filed a complaint pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680. The sole Defendant is the United States of America.[1] Small is presently incarcerated in the Natchitoches Parish Detention Center ("NPDC") in Natchitoches, Louisiana.

Small contends in his complaint that he exhausted his administrative remedies through the United States Marshal's Service in a timely manner. Small did not file a copy of his administrative complaint and the response thereto. Defendant filed a Motion to Dismiss (Doc. 11) that does not address the issues of exhaustion, the limitations period, the amount of damages claimed, or this Court's subject matter jurisdiction.

Absent a waiver of immunity, the United States is immune from suit in tort. See Gregory v. Mitchell, 634 F.2d 199, 203 (5th Cir. 1981). Partial waiver, as found in the FTCA, exists wholly by virtue of congressional consent which fixes the terms

---

[1] **Error! Main Document Only.**To sue successfully under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, a plaintiff must name the United States as the sole defendant. See McGuire v. Turnbo, 137 F.3d 321, 324 (5th Cir. 1998) (citing Atorie Air, Inc. v. Federal Aviation Administration, 942 F.2d 954, 957 (5th Cir. 1991)).

and conditions on which suit may be instituted. See id. at 203. The controlling provision is 28 U.S.C. § 2675.[2] The requirement of exhaustion of administrative review is a jurisdictional requisite to the filing of an action under the FTCA. See Molinar v. United States, 515 F.2d 246 (5th Cir. 1975); see also McNeil v. U.S., 508 U.S. 106, 113 (1993). Because it is a jurisdictional prerequisite, the filing of a claim in this case with the USMS cannot be waived. See Gregory, 634 F.2d at 203–04. Waivers of sovereign immunity must be strictly construed. Section 2675 is more than a mere statement of procedural niceties. It requires that jurisdiction must exist at the time the complaint is filed. See Gregory, 634 F.2d at 204.

Small raises two issues before this Court. The Court must review Small's administrative claim and the response thereto in order to determine: (1) the claim(s) Small made; and (2) the sum he requested.[3]

---

[2] Section 2675(a) states:
> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

[3] Section 2675(c) limits the amount of damages as follows:
> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

Accordingly, IT IS ORDERED that the Small SHALL FILE a copy of his administrative claim and the response thereto on or before **September 14, 2018.**

THUS DONE AND SIGNED in Chambers in Alexandria, Louisiana on this 12th day of September, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge